# UNITED STATES DISTRICT COURT

District of Massachusetts

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| HO DAM | ) | Case Number: 08-CR-10335-DPW |
| | ) | USM Number: 03148-104 |
| | ) | Jeffrey A. Denner |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   1 and 2 of the Indictment on 5/29/2014

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846, | Conspiracy to Distribute and Possess with Intent to | 1/31/2007 | 1 of 2 |
| 21 U.S.C. § 841(b)(1)(C) | Distribute MDMA and Marijuana | | |
| & 21 U.S.C. § 841(a)(1) | | | |

   The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                            ☐ is   ☐ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.



9/18/2014
Date of Imposition of Judgment

*Signature of Judge*

Douglas P. Woodlock         Judge, U.S. District Court
Name and Title of Judge

September 18, 2014
Date

DEFENDANT: HO DAM
CASE NUMBER: 08-CR-10335-DPW

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(2)(A), & 18 U.S.C. § 1956(a)(2)(B)(i) | Money Laundering Conspiracy | 1/31/2007 | 2 of 2 |

DEFENDANT: HO DAM
CASE NUMBER: 08-CR-10335-DPW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

180 months on counts 1 and 2 to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant should participate in substance abuse treatment while in Bureau of Prisons' custody.

The defendant should be designated to FCI Otisville, or a facility as close as possible to his family in Canada

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: HO DAM
CASE NUMBER: 08-CR-10335-DPW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 years on counts 1 and 2 to be served concurrently.

  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, ~~as determined by the court~~. not to exceed 104 tests per year, as directed.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

  If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant is not to consume any alcoholic beverages.

The defendant is to participate in a program for substance abuse counseling tailored towards alcoholism as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

If ordered deported, the defendant is to leave the United States and is not to return without prior permission of the Secretary of the Department of Homeland Security.

DEFENDANT: HO DAM
CASE NUMBER: 08-CR-10335-DPW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: HO DAM
CASE NUMBER: 08-CR-10335-DPW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☑ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☑ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay the special assessment of $200.00, immediately, or it shall be made according to the requirements of the Federal Bureau of Prisons' Inmate Financial Responsibility Program while the defendant is incarcerated and according to a court-ordered repayment schedule established by the Court in consultation with the probation officer, during the term of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

See attached Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Attachment (Page 1) — Statement of Reasons

DEFENDANT: HO DAM
CASE NUMBER: 08-CR-10335-DPW
DISTRICT: District of Massachusetts

# STATEMENT OF REASONS

## I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☑ The court adopts the presentence investigation report without change.

B ☐ The court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
*(Use page 4 if necessary.)*

  1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

  2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

  3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

  4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.

## II  COURT FINDING ON MANDATORY MINIMUM SENTENCE *(Check all that apply.)*

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

  ☐ findings of fact in this case
  ☐ substantial assistance (18 U.S.C. § 3553(e))
  ☐ the statutory safety valve (18 U.S.C. § 3553(f))

## III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE *(BEFORE DEPARTURES)*:

Total Offense Level: 41
Criminal History Category: I
Imprisonment Range: 324 to 405 months
Supervised Release Range: 3 years
Fine Range: $ 25,000 to $ 2,314,000

☑ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: HO DAM
CASE NUMBER: 08-CR-10335-DPW
DISTRICT: District of Massachusetts

# STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** *(Check only one.)*

     A   ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

     B   ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. *(Use page 4 if necessary.)*

     C   ☐   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. *(Also complete Section V.)*

     D   ☑   The court imposed a sentence outside the advisory sentencing guideline system. *(Also complete Section VI.)*

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** *(If applicable.)*

     A   **The sentence imposed departs** *(Check only one.)*:
          ☐ below the advisory guideline range
          ☐ above the advisory guideline range

     B   **Departure based on** *(Check all that apply.)*:

         1   **Plea Agreement** (Check all that apply and check reason(s) below.):
             ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
             ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
             ☐ binding plea agreement for departure accepted by the court
             ☐ plea agreement for departure, which the court finds to be reasonable
             ☐ plea agreement that states that the government will not oppose a defense departure motion.

         2   **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:
             ☐ 5K1.1 government motion based on the defendant's substantial assistance
             ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
             ☐ government motion for departure
             ☐ defense motion for departure to which the government did not object
             ☐ defense motion for departure to which the government objected

         3   **Other**
             ☐ Other than a plea agreement or motion by the parties for departure *(Check reason(s) below.)*:

     C   **Reason(s) for Departure** *(Check all that apply other than 5K1.1 or 5K3.1.)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (*e.g.*, 2B1.1 commentary) |

     D   **Explain the facts justifying the departure.** *(Use page 4 if necessary.)*

DEFENDANT: HO DAM  
CASE NUMBER: 08-CR-10335-DPW  
DISTRICT:       District of Massachusetts

# STATEMENT OF REASONS

**VI    COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**  
*(Check all that apply.)*

    A    **The sentence imposed is** *(Check only one.)*:  
         ☑ below the advisory guideline range  
         ☐ above the advisory guideline range

    B    **Sentence imposed pursuant to** *(Check all that apply.)*:

        1     **Plea Agreement** *(Check all that apply and check reason(s) below.)*:  
             ☑ binding plea agreement for a sentence outside the advisory guideline system accepted by the court  
             ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable  
             ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

        2     **Motion Not Addressed in a Plea Agreement** *(Check all that apply and check reason(s) below.)*:  
             ☐ government motion for a sentence outside of the advisory guideline system  
             ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object  
             ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

        3     **Other**  
             ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system *(Check reason(s) below.)*:

    C    **Reason(s) for Sentence Outside the Advisory Guideline System** *(Check all that apply.)*

        ☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)  
        ☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))  
        ☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))  
        ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))  
        ☑ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))  
        ☑ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))  
        ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

    D    **Explain the facts justifying a sentence outside the advisory guideline system.** *(Use page 4 if necessary.)*

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Attachment (Page 4) — Statement of Reasons

DEFENDANT: HO DAM
CASE NUMBER: 08-CR-10335-DPW
DISTRICT: District of Massachusetts

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A ☑ Restitution Not Applicable.

B ☐ Total Amount of Restitution: _____

C Restitution not ordered *(Check only one.)*:

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. *(Explain.)*

D ☐ Partial restitution is ordered for these reasons *(18 U.S.C. § 3553(c))*:

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE *(If applicable.)*

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: None.
Defendant's Date of Birth: 1968
Defendant's Residence Address: Mississauga, Ontario, Canada
Defendant's Mailing Address: Unknown.

Date of Imposition of Judgment 9/18/2014

Signature of Judge
Douglas P. Woodlock    U.S.D.J.
Name and Title of Judge
Date Signed September 18, 2014

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

v.

**Criminal No. 08-cr-10335-DPW**

**HO DAM,**
          **Defendant.**

## ORDER OF FORFEITURE - MONEY JUDGMENT

WOODLOCK, D.J.,

WHEREAS, on November 6, 2008, a federal grand jury sitting in this District returned an Indictment (the "Indictment") charging Defendant as follows: Count One (21 U.S.C. §846 - Conspiracy To Distribute and Possess with Intent to Distribute MDMA, also known as "ecstasy"); Count Two (18 U.S.C. §1956(h) – Money Laundering Conspiracy);

WHEREAS, the Indictment contained a Drug Forfeiture Allegation, charging, in pertinent part, that upon conviction of the offense charged in Count One, Defendant:

> shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense. The property to be forfeited includes, without limitation, the total amount of gross drug proceeds, which is at least approximately $4,500,000 and may be forfeited by means of a forfeiture money judgment;

WHEREAS, the Drug Forfeiture Allegation charged further that if any of the property described as forfeitable, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with, a third party;
    (c)    has been placed beyond the jurisdiction of the Court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. §853(p), intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property;

WHEREAS, the Indictment also contained a Money Laundering Forfeiture Allegation charging, in pertinent part, that upon conviction of the offense alleged in Count Two of the Indictment, Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal involved in such offense, and all property traceable to such property, including, without limitation, the following:

    a.    The total amount laundered, which is at least approximately $4,500,000 and may be forfeited by means of a forfeiture money judgment.

    b.    All of defendant Ho Dam's interests in the following business entities, all of which are believed to have, or to have had during the conspiracy charged in Count Two, an office or offices in Mississauga, Ontario, Canada, and all of his interests in their assets:
    i. Computer Depot
    ii. SDL Intertrade
    iii. Computer Canada;

WHEREAS, the Money Laundering Forfeiture Allegation provided further that if any of the property described as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred to, sold to, or deposited with a third party;
    c.    has been placed beyond the jurisdiction of this Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

the United States, pursuant to Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), intends to seek forfeiture of all other property of the defendant up to the value of the forfeitable property;

WHEREAS, on May 29, 2014, Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a plea agreement with the government under Fed. R. Crim. P. 11(c)(1)(C)

(hereafter, the "Plea Agreement");

WHEREAS, Defendant's Plea Agreement calls for entry of a forfeiture money judgment in a specific amount, which Defendant agreed to pay promptly after entry of the money judgment by the Court, and (the parties contemplated) in advance of sentencing;[1]

WHEREAS, the Plea Agreement provides further that if Defendant fails to pay the money judgment promptly, the government may seek other forfeiture orders, including much larger forfeiture money judgments against Defendant;

WHEREAS, the Court found Defendant's plea knowing, intelligent, voluntary, and supported by an independent basis in fact, but deferred acceptance of Defendant's plea until sentencing;

WHEREAS, the basis for the agreed forfeiture money judgment amount of $131,947.61 is explained in the Plea Agreement as representing the as-yet unforfeited portion of the estimated gross proceeds from only one of Defendant's numerous shipments of MDMA from Canada into the United States, that is, the October 29, 2006, shipment of approximately 38,000 MDMA pills (some containing methamphetamine) to Defendant's nephew, Binh Kiem Duong, who distributed them to co-conspirators;

WHEREAS, as is plain from the Indictment's forfeiture allegations (which allege gross proceeds and money laundering forfeiture money judgments in the amount of "at least approximately $4,500,000") and from the Plea Agreement's forfeiture provisions, the government could have sought a much larger forfeiture money judgment against Defendant, and has reserved

---

[1] Because the Court, in the normal course, deferred acceptance of Defendant's (c)-plea until sentencing, and because forfeiture orders are entered after conviction or acceptance of a guilty plea (see Fed. R. Crim. P. 32.2(b)(1)(A)), the government now seeks entry of the requested forfeiture money judgment at Defendant's sentencing hearing if the Court accepts Defendant's (c)-plea, and requests that the judgment provide for prompt payment after entry of the judgment by the Court.

the right to do so if Defendant fails to pay the agreed money judgment promptly after entry by the Court;

WHEREAS, the government has provided, and Defendant has admitted, a factual basis for the forfeiture;

WHEREAS, the United States is now entitled to the requested forfeiture and has moved for entry of an order to that effect;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's admissions during the change of plea hearing and in the Plea Agreement, that the government has reasonably established the amount that Defendant should pay in the form of a forfeiture money judgment, and has properly reserved the right to seek additional forfeiture orders if the judgment is not promptly paid in full. Accordingly, the following property (collectively, the "Forfeited Property") is hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853: the amount of $131,947.61 in United States currency.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to seize the Forfeited Property and maintain it in its secure custody and control.

3. A forfeiture money judgment shall enter against Defendant in the stated amount of $131,947.61 in United States currency.

4. The United States Marshals Service is hereby authorized to accept payments from Defendant in satisfaction of this judgment and to dispose of them according to applicable law without further notice or further order of this Court.

5. The Defendant is ordered to pay the forfeiture money judgment in full <u>within 14 days</u>

<u>after entry of this Order</u>. As agreed in the Plea Agreement, if Defendant fails to pay the forfeiture money judgment within this time period, the government may seek additional forfeiture orders, which may include (1) a forfeiture money judgment in the amount of the total gross proceeds of the drug-trafficking conspiracy charged in Count One; (2) all real and personal property, wherever located, constituting or derived from such proceeds; (3) all property, wherever located, that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One; (4) a forfeiture money judgment equal to the value of all property that was involved in the money laundering conspiracy charged in Count Two; (5) all real and personal property that was involved in the money laundering conspiracy; and (6) all property traceable to such property.

6. The United States is hereby authorized to conduct discovery to locate assets to satisfy this judgment pursuant to 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

7. While this judgment remains unsatisfied, if the United States locates particular directly forfeitable or substitute assets other than payments voluntarily made by Defendant, it may apply to this Court for an appropriate order to forfeit such property pursuant to 21 U.S.C. § 853(n) and Rule 32.2(e) of the Federal Rules of Criminal Procedure.

8. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Date: September 18, 2014

DOUGLAS P. WOODLOCK
United States District Judge

